UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Shafeeq Ali Goldwire, ) | Civil Action No. 5:20-2659-BHH |
| ) | |
| Petitioner, ) | |
| v. ) | |
| ) | **ORDER AND OPINION** |
| ) | |
| Warden FCI Bennettsville, ) | |
| ) | |
| Respondent. ) | |

Petitioner Shafeeq Ali Goldwire ("Petitioner") filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), D.S.C., the action was referred to United States Magistrate Judge Kaymani D. West, for pretrial handling and a Report and Recommendation ("Report"). Magistrate Judge West recommends that Respondent's motion for summary judgment be granted and the § 2241 petition be dismissed. (ECF No. 38.) The Report sets forth in detail the relevant facts and standards of law on this matter and the Court incorporates them without recitation.[1]

## BACKGROUND

In this § 2241 action, Petitioner, a federal inmate at FCI Bennettsville, challenges his conviction and sentence for possession/use of a firearm during a crime of violence, 18 U.S.C. § 924(c), and possession of firearm by a convicted felon, 18 U.S.C. § 922(g)(1). (ECF No. 1.) Petitioner has previously made direct and collateral challenges to his federal conviction and sentence, which were denied by the Eleventh Circuit Court

---

[1] **Error! Main Document Only.** As always, the Court says only what is necessary to address Petitioner's objections against the already meaningful backdrop of a thorough Report and Recommendation by the Magistrate Judge; comprehensive recitation of law and fact exists there.

of Appeals and the district court where Petitioner was convicted (S.D. Fl.), respectively. (*See* ECF No. 38 at 1–2 (detailing the procedural history of Petitioner's previous challenges).) Respondent filed a motion for summary judgment on November 3, 2020, and Petitioner responded on January 25, 2021. (ECF Nos. 19 & 28.) The Magistrate Judge issued the instant Report recommending that the motion for summary judgment be granted on April 13, 2021. (ECF No. 38.) Petitioner timely filed objections (ECF No. 40) to the Report. The Court has reviewed those objections, but finds them to be without merit; therefore, it will enter judgment accordingly.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) ("[D]e novo review [is] unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation."). In the absence of a specific objection, the Court reviews the Magistrate's conclusions only for clear error. *See Diamond v. Colonial Life*

*& Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). On May 4, 2020, Petitioner filed specific objections (ECF No. 40), and the Court has thus conducted the requisite *de novo* review.

## DISCUSSION

"[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc)). However, § 2255 contains a "savings clause" that allows federal prisoners to proceed under § 2241 when a motion under § 2255 would prove "inadequate or ineffective" to test the legality of the detention.[2] *In re Vial*, 115 F.3d at 1194. "[T]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision . . . or because an individual is procedurally barred from filing a § 2255 motion[.]" *Id.* at n.5.

The Fourth Circuit has identified specific circumstances when a federal prisoner may use a § 2241 petition to contest his conviction pursuant to the savings clause. Specifically, § 2255 is inadequate or ineffective when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is

---

[2] The "savings clause" states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added).

3

deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000). As to challenges to a federal sentence, the Fourth Circuit has set forth the following factors to demonstrate that § 2255 is inadequate and ineffective:

(1) at the time of the sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*U.S. v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018). The savings clause is a jurisdictional provision; if a petitioner cannot satisfy the savings clause, the district court lacks jurisdiction to consider the petition. *Id.* at 423.

The Magistrate Judge first found that the Court lacks jurisdiction to consider Petitioner's challenge to his conviction and sentences under the holdings in *United States v. Gary*, 954 F.3d 194 (4th Cir. 2020), and *United States v. Medley*, 972 F.3d 399 (4th Cir. 2020), because the substantive law change referenced in the second prong of the tests articulated in *In re Jones* and *Wheeler* must arise from the United States Supreme Court or the Eleventh Circuit, where Petitioner was convicted. (ECF No. 38 at 6.) This conclusion is correct, *Hahn v. Moseley*, 931 F.3d 295, 301 (4th Cir. 2019), and Petitioner does not refute it. Instead, he asks the Court to hold the case in abeyance until the Supreme Court makes "an opinion under the law in *Rehaif* to the Fourth Circuit decision in *Gary*." (ECF No. 40 at 2.)

In the interim since Petitioner filed his objections, the Supreme Court decided

4

*Greer v. United States*, which explicitly reversed *Gary* and affirmed an Eleventh Circuit case (*Greer*) in holding that the defendants were not entitled to plain-error relief for their unpreserved *Rehaif* claims. 141 S. Ct. 2090, 2096 (2021). The *Greer* court held that for the substantial-rights prong of plain-error review[3] in the context of a claim that jury instructions or a plea colloquy failed to include the *mens rea* element of a felon-in-possession conviction—namely, that the defendant knew he was a felon when he possessed the firearm—the defendant must, on appeal, make the argument or representation that he would have presented evidence in district court that he did not in fact know he was a felon. *Id.* at 2097. The court further held that when determining whether the substantial-rights prong has been satisfied, the reviewing court can examine relevant and reliable information from the entire record, including information contained in a presentence investigation report ("PSR"). *Id.* at 2098. Thus, even if the Court could consider Petitioner's theory of relief premised on *Gary*, which it cannot, the result of Supreme Court review in *Gary* undercuts Petitioner's position and an abeyance is not warranted.

Magistrate Judge West next concluded that the Petitioner has not satisfied the second prong of the *In re Jones* and *Wheeler* tests because the conduct of which Petitioner was convicted continues to be deemed criminal. (ECF No. 38 at 6–7.) Moreover, as to Petitioner's challenge of his § 924(c) conviction and sentence under *Rehaif*, the Magistrate Judge noted that *Rehaif* is inapposite to § 924(c) convictions because *Rehaif* did not address the requirements for prosecuting a defendant charged with possession/use of a firearm during a crime of violence. (*Id.* at 7.)

---

[3] Federal Rule of Criminal Procedure 52(b) provides: "A plain error that affects substantial rights may be considered even though it was not brought to the court's attention."

5

Petitioner objects to Magistrate Judge West's conclusion that the second prong of the *In re Jones* and *Wheeler* tests are not satisfied on the basis that Petitioner and Respondent agreed, in their briefing, that the circumstances of his collateral challenge fall within the savings clause. (*See* ECF No. 40 at 1–2.) Petitioner does not explain how the Magistrate Judge's conclusion is substantively incorrect, relying only on the fact that Respondent agreed with him as to the second prong of the savings clause tests. (*See id.*) The Court finds that Magistrate Judge West's conclusion was correct; the doctrinal change worked by *Rehaif* regarding the required elements of proof for § 922(g) convictions did not render the conduct of which Petitioner was convicted no longer criminal, nor did the substantive law of the Eleventh Circuit change such that Petitioner's sentence would no longer be legal. Accordingly, Petitioner's objection is overruled and the Court lacks jurisdiction over the § 2241 petition.

Finally, the Magistrate Judge found that, to the extent the Court were to determine Petitioner satisfied the jurisdictional requirements of *In re Jones* and/or *Wheeler*, Petitioner has failed to established he is entitled to habeas relief under Eleventh Circuit substantive law. (ECF No. 38 at 7.) At trial, Petitioner stipulated that he had been convicted of a crime punishable by imprisonment for a term exceeding one year prior to his arrest for the instant felon-in-possession offense. (ECF No. 35-2 at 7–8.) Petitioner's PSR shows that he was previously sentenced to twelve (12) months' incarceration for possession of cocaine, *possession of a firearm by a convicted felon*, and discharging a firearm in public. (ECF No. 32 at 14.) There can be little doubt that Petitioner was aware of his status as a felon, given that when he unlawfully possessed the firearm on November 11, 2000, forming the substance of the instant § 922(g)

6

conviction, he had already been convicted and sentenced for a felon-in-possession offense in Florida state court. Therefore, the Magistrate Judge correctly concluded that Petitioner has not shown that a *Rehaif* error in his indictment or at trial affected his substantial rights or the fairness, integrity, or public reputation of his trial. *See Greer*, 141 S. Ct. at 2097 (holding plain-error relief under *Rehaif* is not warranted where the defendant fails to demonstrate he would have presented evidence in the court of conviction that he did not in fact know he was a felon).

## CONCLUSION

For the reasons stated above and by the Magistrate Judge, the Court overrules Petitioner's objections and adopts and incorporates herein the Magistrate Judge's Report. It is therefore ORDERED that Respondent's motion for summary judgment (ECF No. 19) is GRANTED. Petitioner's § 2241 petition (ECF No. 1) is DISMISSED.

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

September 3, 2021
Charleston, South Carolina